**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

VERNESSA SMITH ARNOLD                                                                              PLAINTIFF

v.                                          4:12CV00347-DPM-JJV

CARL JOHNSON, Dr., Pulaski
County Detention Facility, *et al.*                                                                DEFENDANTS

**ORDER**

In anticipation of the Evidentiary Hearing scheduled on October 2, 2013, in Little Rock, Arkansas, Plaintiff has submitted a Witness List (Doc. No. 21) requesting three witnesses. In response (Doc. No. 24), Defendants state that they cannot ensure the presence of the three requested witnesses, because they are not incarcerated at the Pulaski County Detention Facility.

The Court closely reviews witness lists prior to hearings to conserve limited judicial resources and ensure unnecessary, repetitive, or irrelevant witnesses are not needlessly brought to the hearing at taxpayer expense. While witness lists are typically minimized, if, during the hearing, the Court finds that an excluded witness is important to either party's case, the Court will hold the record open until that witness's testimony can be obtained.

Having performed a careful review of Plaintiff's proposed witness list, the Court finds that the following witnesses are permitted:

1) Esther Rhodes,

2) Robert Hymer, and

3) Dr. Gary Wynn.

The Clerk of the Court shall issue subpoenas directing the appearances of these witnesses at the October 2, 2013, hearing at 10:00 a.m., United States District Court, 600 W. Capitol Avenue,

Courtroom 2C, Little Rock, Arkansas 72201: Esther Rhodes, 7523 Doyles Springs Road, Little Rock, AR 72209; Robert Hymer, 13311 White Fir Lane, Little Rock, AR 72212; and Dr. Gary Wynn, 8th Scott Street, Little Rock, AR. The United States Marshal is directed to serve these subpoenas without payment of costs or fees therefore. Pursuant to 28 U.S.C. § 1915, the Court will issue subpoenas for Plaintiff's witnesses, but the Court cannot guarantee the appearance of a witness. Rule 45(b) of the Federal Rules of Civil Procedure requires service to be accomplished by "tendering the fees for 1 day's attendance and the mileage allowed by law." FED.R.CIV.P. 45(b)(1). 28 U.S.C. § 1915(a) allows for the waiver of prepayment of "fees or costs," but it does not authorize federal courts to waive or order payment of witness fees for a civil litigant proceeding *in forma pauperis*. *United States Marshals Service v. Means*, 741 F.2d 1053, 1056-57 (8th Cir. 1984). Accordingly, the Court does not provide any payment of witness fees and Plaintiff is forewarned that, unless he or she tenders the $40 witness fee and payment for mileage, the law does not permit the Court to compel a witness to testify.

     IT IS SO ORDERED this 3rd day of September, 2013.

     _____
     JOE J. VOLPE
     UNITED STATES MAGISTRATE JUDGE